FILED
6/5/17 11:38 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

PATRICIA A. ROCCO,
  *Debtor*

: Case No. 17-10315-TPA
:
: Chapter 7
:
: Related to Doc. Nos. 16, 19, 26, 28

## ORDER

This case was dismissed in a May 15, 2017 Order, Doc. No. 26, with a two-year bar on refiling because the Debtor failed to comply with the requirement to file a Status Report as required by the April 24, 2017 Order, Doc. No. 19, and because she failed to appear at a scheduled Section 341 meeting of creditors.

On May 23, 2017, the Debtor filed a ***Motion to Reconsider Order Dismissing Case*** ("Motion to Reconsider") at Doc. No. 28. In the *Motion to Reconsider*, the Debtor's attorney, David Graban, takes full responsibility for the Debtor's failures, saying that he advised her not to attend the meeting of creditors because he did not think it necessary that she do so in light of the pending *Motion to Convert Case from Chapter 7 to Chapter 13* ("Motion to Convert"), Doc. No. 16, and that he made the decision not to file the required Status Report because he did not think it was necessary to do so since the only progress in the case was the conversion issue. However, these events occurred before Atty. Graban filed the *Motion to Convert* and therefore the Debtor was obliged to perform these responsibilities since doing otherwise was in clear violation of outstanding court

1

orders. Atty. Graban has no authority to unilaterally decide that outstanding court orders need not be followed.

The Court will assume the allegations in the *Motion to Reconsider* are true, and based on that it will reluctantly grant the requested relief only because otherwise the Debtor would be unfairly harmed by Attorney Graban's errors. The Court, however, is not happy in doing so and has given serious consideration to imposing a monetary sanction on Attorney Graban, such as requiring him to pay fees and expenses that have been incurred to date by the Chapter 7 Trustee in carrying out her responsibilities in this case. Attorney Graban has been repeatedly warned over the past several years about filing deficiencies and failures to act that have jeopardized the interests of his clients and caused extra work for the Court. Knowing what "thin ice" the present case was on, it is almost inconceivable that he could unilaterally decide to advise the Debtor not to appear at a scheduled meeting of creditors and that he would not file the Status Report. Despite these serious shortcomings, the Court has decided not to sanction Attorney Graban at this time, but he is hereby put on clear notice that any further incidents of this type will result in a sanction of at least of a monetary nature and beginning at the $250 [handwritten, replacing stricken $150] level being imposed against him.

*AND NOW*, this 5*th* day of *June, 2017*, it is **ORDERED, ADJUDGED** and **DECREED** that,

(1)    The *Motion to Reconsider* is **GRANTED** and the case is reopened.

(2)    The *Motion to Convert* is **GRANTED** and the case is converted from Chapter 7 to Chapter 13.

2

(3)    ***On or before June 9, 2017,*** the Debtor shall make a payment to the Chapter 13 Trustee, shall file a Chapter 13 Plan, and shall file a Status Report in accordance with Paragraph 2 of the April 24, 2017 Order.

(4)    Going forward, if the Debtor fails to meet any filing deadlines or fails to timely pay, in full, any plan payments, the Case will be dismissed, without further notice or hearing, with prejudice resulting in the imposition of a 2-year bar on refiling.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court


Case administrator to serve:
David Graban, Esq.
Ronda Winnecour, Esq.
Tamera Ochs Rothschild, Esq.
Debtor