Case 17-10315-TPA    Doc 39    Filed 06/07/17    Entered 06/08/17 01:01:23    Desc Imaged
Certificate of Notice    Page 1 of 4

FILED
6/5/17 11:38 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

PATRICIA A. ROCCO,  : Case No. 17-10315-TPA
    *Debtor* :
    : Chapter 7
    :
    : Related to Doc. Nos. 16, 19, 26, 28

## ORDER

This case was dismissed in a May 15, 2017 Order, Doc. No. 26, with a two-year bar on refiling because the Debtor failed to comply with the requirement to file a Status Report as required by the April 24, 2017 Order, Doc. No. 19, and because she failed to appear at a scheduled Section 341 meeting of creditors.

On May 23, 2017, the Debtor filed a ***Motion to Reconsider Order Dismissing Case*** ("Motion to Reconsider") at Doc. No. 28. In the *Motion to Reconsider*, the Debtor's attorney, David Graban, takes full responsibility for the Debtor's failures, saying that he advised her not to attend the meeting of creditors because he did not think it necessary that she do so in light of the pending *Motion to Convert Case from Chapter 7 to Chapter 13* ("Motion to Convert"), Doc. No. 16, and that he made the decision not to file the required Status Report because he did not think it was necessary to do so since the only progress in the case was the conversion issue. However, these events occurred before Atty. Graban filed the *Motion to Convert* and therefore the Debtor was obliged to perform these responsibilities since doing otherwise was in clear violation of outstanding court

1

orders. Atty. Graban has no authority to unilaterally decide that outstanding court orders need not be followed.

The Court will assume the allegations in the *Motion to Reconsider* are true, and based on that it will reluctantly grant the requested relief only because otherwise the Debtor would be unfairly harmed by Attorney Graban's errors. The Court, however, is not happy in doing so and has given serious consideration to imposing a monetary sanction on Attorney Graban, such as requiring him to pay fees and expenses that have been incurred to date by the Chapter 7 Trustee in carrying out her responsibilities in this case. Attorney Graban has been repeatedly warned over the past several years about filing deficiencies and failures to act that have jeopardized the interests of his clients and caused extra work for the Court. Knowing what "thin ice" the present case was on, it is almost inconceivable that he could unilaterally decide to advise the Debtor not to appear at a scheduled meeting of creditors and that he would not file the Status Report. Despite these serious shortcomings, the Court has decided not to sanction Attorney Graban at this time, but he is hereby put on clear notice that any further incidents of this type will result in a sanction of at least of a monetary nature and beginning at the $250 [handwritten, replacing $150] level being imposed against him.

*AND NOW*, this *5th* day of *June, 2017*, it is **ORDERED, ADJUDGED** and **DECREED** that,

(1) The *Motion to Reconsider* is **GRANTED** and the case is reopened.

(2) The *Motion to Convert* is **GRANTED** and the case is converted from Chapter 7 to Chapter 13.

2

(3)    ***On or before June 9, 2017,*** the Debtor shall make a payment to the Chapter 13 Trustee, shall file a Chapter 13 Plan, and shall file a Status Report in accordance with Paragraph 2 of the April 24, 2017 Order.

(4)    Going forward, if the Debtor fails to meet any filing deadlines or fails to timely pay, in full, any plan payments, the Case will be dismissed, without further notice or hearing, with prejudice resulting in the imposition of a 2-year bar on refiling.

                                                                                    _____
                                                                                    Thomas P. Agresti, Judge
                                                                                    United States Bankruptcy Court


Case administrator to serve:
    David Graban, Esq.
    Ronda Winnecour, Esq.
    Tamera Ochs Rothschild, Esq.
    Debtor

3

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Patricia A. Rocco  
      Debtor

Case No. 17-10315-TPA  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0315-1      User: gamr      Page 1 of 1      Date Rcvd: Jun 05, 2017  
                     Form ID: pdf900    Total Noticed: 5

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 07, 2017.
```
db              +Patricia A. Rocco,    568 Crestview Drive,    Transfer, PA 16154-2904
14392299         Fay Servicing,    PO Box 88009,    Chicago, IL 60680-1009
14392300        +Frank Rocco,    568 Crestview Drive,    Transfer, PA 16154-2904
14392301         Mercer County Tax Claim Burea,    Mecer County Courthouse,    Mercer, PA 16137
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14392302        +E-mail/Text: bankruptcy@firstenergycorp.com Jun 06 2017 01:10:38      Penn Power,
                 P.O. Box 3687,    Akron, OH 44309-3687
                                                                                              TOTAL: 1

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              PROF-2013-M4 LEGAL TITLE TRUST II, BY U.S. BANK NA
cr              Pennsylvania Power Company
                                                                                   TOTALS: 2, * 0, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 07, 2017                                                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 5, 2017 at the address(es) listed below:
```
              David J. Graban    on behalf of Debtor Patricia A. Rocco graban@verizon.net
              James Warmbrodt    on behalf of Creditor   PROF-2013-M4 LEGAL TITLE TRUST II, BY U.S. BANK
               NATIONAL ASSOCIATION AS LEGAL TITLE TRUSTEE bkgroup@kmllawgroup.com
              Larry E. Wahlquist    on behalf of U.S. Trustee    Office of the United States Trustee
               larry.e.wahlquist@usdoj.gov
              Matthew M. Pavlovich    on behalf of Creditor    Pennsylvania Power Company mpavlovich@prpclaw.com,
               sruschak@prpclaw.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Tamera Ochs Rothschild    trothschild@gmx.com, pa70@ecfcbis.com
              Tamera Ochs Rothschild    on behalf of Trustee Tamera Ochs Rothschild trothschild@gmx.com,
               pa70@ecfcbis.com
                                                                                             TOTAL: 7
```